CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 3, 2018

LETTER TO COUNSEL

RE: *Jennifer Renee D'Antoni v. Commissioner, Social Security Administration*;[1]
Civil No. SAG-17-1132

Dear Counsel:

On April 24, 2017, Plaintiff Jennifer Renee D'Antoni petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claims for benefits. [ECF No. 1]. I have considered the parties' motions for summary judgment. [ECF Nos. 17, 20]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Ms. D'Antoni's motion, grant the SSA's motion, and affirm the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Ms. D'Antoni filed claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on March 21, 2013, alleging a disability onset date of September 30, 2012. (Tr. 208-19). Her claims were denied initially and on reconsideration. (Tr. 127-83). A hearing was held on March 3, 2016, before an Administrative Law Judge ("ALJ"). (Tr. 44-92). Following the hearing, the ALJ determined that Ms. D'Antoni was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 26-38). The Appeals Council ("AC") denied Ms. D'Antoni's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. D'Antoni suffered from the severe impairments of "rheumatoid arthritis, degeneration and osteoarthritis of the lumbar spine, peripheral neuropathy, history of right knee arthroscopy, obesity, and anxiety." (Tr. 29). Despite these impairments, the ALJ determined that Ms. D'Antoni retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that she can stand and walk for two hours. She can sit for six hours. She can occasionally climb ramps and stairs, but never ladders, ropes, or scaffolds. She

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

> can occasionally balance, stoop, kneel, and crouch, but never crawl. She can frequently use her hands to finger and handle. She needs to avoid concentrated exposure [to] fumes, odors, dusts, gases, poor ventilation, and other pulmonary irritants, as well as weather extremes of heat and cold. She needs to avoid concentrated exposure to hazards. She is limited to simple, routine, repetitive work, in an environment with few, if any, workplace changes, and no high production or pace.

(Tr. 32). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. D'Antoni could perform jobs existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 36-38).

Ms. D'Antoni raises two arguments in support of her appeal: (1) that the ALJ erred in her evaluation of Listing 14.09A (rheumatoid arthritis); and (2) that the ALJ assigned inadequate weight to the medical opinions of her treating physician, Dr. Nasser Nasseri. Pl. Mem. 12-17. Each argument lacks merit and is addressed below.

First, Ms. D'Antoni contends that the ALJ should have determined that she met or equaled Listing 14.09, which requires, in relevant part, proof of persistent inflammation in each upper extremity "resulting in the inability to perform fine and gross movements effectively." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 14.09. The ALJ determined that such a finding was unwarranted, as Ms. D'Antoni:

> testified that she lives alone, and is able to do her laundry, cooking, and self-care independently, albeit slowly. The claimant's treating records also indicate on more than one occasion that with her medication she is able to "do her daily activities without much difficulty."

(Tr. 30-31). Arguing to the contrary, Ms. D'Antoni first cites to laboratory reports and test scores showing that she experienced inflammation, and to reports she made of bilateral hand numbness, pain, achiness and stiffness. Pl. Mem. 13. Ms. D'Antoni also cites to numerous statements she made in the record, indicating that she had difficulty completing some activities of daily living. (Tr. 13-14). Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether the correct legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if there is other evidence that may support Ms. D'Antoni's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). While both Ms. D'Antoni and the ALJ focused more on evidence relating to her ability to complete daily activities, as opposed to fine and gross motor skills standing alone, fine and gross motor skills are required to complete most daily activities, such as laundry, cooking, and self-care. The evidence accurately cited by the ALJ does indicate that Ms. D'Antoni was able to perform relevant daily activities, although at a

slower pace. Accordingly, the ALJ cited to substantial evidence to support her conclusion that Ms. D'Antoni could perform fine and gross motor skills effectively, and remand is unwarranted.

Ms. D'Antoni's remaining argument is that the ALJ assigned inadequate weight to the opinion of her treating rheumatologist, Dr. Nasseri. Pl. Mem. 14-16. The ALJ found that:

> [T]he claimant's treating rheumatologist, Dr. Nasseri, assessed the claimant's limitations in March 2016, but this checkbox form provides little rationale, and the degree of limitations is not supported by Dr. Nasseri's treatment notes, which include few objective findings other than synovitis and tenderness in the claimant's hands, as well as lab results, and furthermore document the claimant's report that she is generally able to perform her daily activities (Ex. 15F). For these reasons, Dr. Nasseri's opinion is given some weight as to the severity of the claimant's impairments only (SSR 96-2p).

(Tr. 36). As with the discussion of the Listing analysis above, there are some treatment notes from Dr. Nasseri that could be marshaled in favor of an argument for disability, in addition to the notes supporting the ALJ's view. *Compare* (Tr. 407) ("She reports dramatic improvement in her joint pain, swelling, and stiffness since starting combination of Plaquenil and prednisone."); (Tr. 752) ("She is still able to do most of her daily activities without any significant difficulties."); (Tr. 757) (reporting "stiffness in her hands of less than 30 minutes" and ability "to do most of her daily activities without difficulty") *with* (Tr. 621) ("She returns today and complains of continuing fatigue and pain and stiffness and swelling in her hands which last many hours . . . she is having increased difficulty doing many of her daily household tasks."). However, given the fact that there is substantial evidence to support the ALJ's analysis, in the form of favorable treatment notes from Dr. Nasseri standing in contrast to the significant daily limitations he describes in his opinion form, remand is unwarranted.

In addition, this case is distinguishable from *Lewis v. Berryhill,* 858 F.3d 858 (4th Cir. 2017), in which the Fourth Circuit found that the ALJ had not provided a sufficient rationale for the assignment of less-than-controlling weight to a treating physician. The Fourth Circuit determined in *Lewis* that the opinions of the two treating physicians in question were consistent with one another, and with opinions rendered by other non-examining physicians. *See id.* at 868. Here, Dr. Nasseri's opinion stands alone. There are no other treating physician opinions in the record, and the non-examining State agency physicians believed Ms. D'Antoni to be even less limited than the RFC assessment determined by the ALJ. (Tr. 35, 131-33, 155-59). In fact, while the ALJ assigned only "some weight" to Dr. Nasseri's opinion, the ALJ credited Dr. Nasseri's opinion over that of the State agency physicians as it pertained to Ms. D'Antoni's need for manipulative limitations. (Tr. 35). Thus, *Lewis* does not mandate remand since the ALJ adequately weighed the opinion of Dr. Nasseri and provided a rationale for the assignment of weight.

*Jennifer Renee D'Antoni v. Commissioner, Social Security Administration*
Civil No. SAG-17-1132
April 3, 2018
Page 4

      For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, [ECF No. 17], is DENIED, and Defendant's Motion for Summary Judgment, [ECF No. 20], is GRANTED. The SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

      Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                              Sincerely yours,

                                   /s/

                              Stephanie A. Gallagher
                              United States Magistrate Judge